**In re Anonymous No. 117 D.B. 89**

Disciplinary Board No. 117 D.B. 89.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania,

TUMOLO, *Chairman,* November 19, 1991—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations regarding the above captioned petition for discipline.

## HISTORY OF PROCEEDINGS

[Respondent], born in 1947, was admitted to the practice of law in the Commonwealth of Pennsylvania on October 10, 1973, and maintains his office at [ ].

This matter arises from a complaint which originally resulted in a determination that respondent receive a private reprimand with conditions. Respondent failed to appear for the private reprimand and took no steps to satisfy the conditions imposed. On April 13, 1990, pursuant to Disciplinary Board Rule §87.53(b), Office of Disciplinary Counsel filed a petition for discipline against respondent. In the petition for discipline, Disciplinary Counsel charged respondent with the underlying misconduct of the original complaint, as well as the independent act of misconduct of failing to appear for the private reprimand. Respondent did not file an answer to the petition for discipline.

On May 23, 1990, the matter was referred to Hearing Committee [ ] consisting of: [ ]. By order dated July 19, 1990, the Disciplinary Board denied respondent's request for a continuance of the hearing. A hearing was held on July 23, 1990. At the hearing, Disciplinary Counsel proceeded by way of stipulation entered into by the parties and presented the testimony of one witness. Respondent, appearing pro se, did not dispute either the misconduct as charged in the original complaint nor his failure to appear for the private reprimand. At the hearing, respondent offered to seek psychological counseling and volunteered to take any remedial action available to make restitution to his client. Upon respondent's request, the Hearing Committee agreed to hold the record open until August 31, 1990, to allow respondent the opportunity to submit evidence in regard to any remedial action taken. However, respondent failed to take any remedial action and thus, the Hearing Committee closed the record as of August 31, 1990.

On December 7, 1990, the Hearing Committee filed its report in which the committee recommended that respondent be suspended from the practice of law for a period of one month and in addition, be subjected to public censure. Neither the Office of Disciplinary Counsel nor respondent filed a brief on exceptions.

The matter was adjudicated by the Disciplinary Board at its scheduled meeting on March 8, 1991.

## FINDINGS OF FACT

The underlying facts in this case are not disputed by respondent and are set forth in the stipulation entered into by the parties.

On January 24, 1975, the home of Mr. and Mrs. [A] was damaged by water due to the alleged negligence of a construction company. Their home was insured by [B] Mutual Insurance Co., which paid the claim. Through its vice-president, [C], respondent was retained by [B] Mutual Insurance Co. to pursue the subrogation claim on behalf of Mr. and Mrs. [A] (the insured). On June 28, 1979, respondent commenced the action by filing a writ of summons which was docketed as Civil Action no. [ ] in the Court of Common Pleas., [ ] County. Over the following eight years, Mr. [C] made frequent inquiries as to the progress of the litigation, but received no response or information from respondent. In 1987, due to the lack of communication with respondent, Mr. [C] became concerned and contacted the law office of [ ] in [ ]. At that time, Mr. [C] spoke with a member of the firm, [D], Esquire, and subsequently retained Mr. [D] to investigate the status of the case and take over the litigation.

Mr. [D] turned the matter over to his paralegal assistant, Ms. [E]. On August 12, 1987, Ms. [E] discovered that the case had been purged for lack of activity in 1982. This information was later confirmed by [F], Esquire, a local attorney in [   ] County. By letter dated August 14, 1987, Ms. [E] confronted respondent with the fact that the case had been dismissed. On September 11, 1987, respondent informed Ms. [E] that he had filed a second action on behalf of the insured and promised to provide Mr. [D] with documentation. By letter dated October 15, 1987, Ms. [E] reminded respondent of his promise and informed him that no such information had been received. However, respondent had not, in fact, filed a second action.

By letter dated January 28, 1988, Mr. [C] requested respondent to turn the file over to Mr. [D]. Similarly, by letter dated February 3, 1988, Mr. [A], the insured, requested respondent to return the file and discharged respondent from further representation. From February 3, 1988, to the present, respondent has failed to return the file and has failed to communicate with either Mr. [A], Mr. [C] or Mr. [D].

At the disciplinary hearing, respondent testified that the file in the [A] matter was destroyed by a fire which occurred in respondent's office on December 8, 1987. However, respondent never advised anyone of this fact, particularly the [A]s, Mr. [C], Mr. [D] or Ms. [E].

On January 17, 1989, Mr. [C] filed a complaint with the Office of Disciplinary Counsel. As a result, on October 24, 1989, the Disciplinary Board entered an order providing that respondent be subject to a private reprimand with the following conditions:

"(a) Respondent shall tell the complainant and his counsel all actions taken to pursue the case, particularly whether respondent filed a lawsuit before or after the purging of the prior lawsuit on September 9, 1982. If any such lawsuit is still pending, name of the parties, court and docket numbers, and furnish copies of all documents filed in the lawsuit.

"(b) Provide to the Office of Secretary and the Office of Disciplinary Counsel proof that respondent turned over to complainant or to his current counsel, [D], Esquire, his complete file on the matter, including all documents, photographs and papers given to him by complainant and/or Mr. [A]."

The Disciplinary Board's order dated October 24, 1989, was mailed to respondent by Nan M. Cohen, secretary of the Disciplinary Board, by regular and certified mail. Respondent received the order on October 31, 1989. On November 9, 1989, respondent received the notice sent by the secretary of the board directing him to appear before the Disciplinary Board for a private reprimand on December 8, 1989, and specifying the time and place for his appearance.

Respondent failed to appear for the private reprimand on December 8, 1989. He offered no explanation or cause for his failure to appear to either the Office of the Secretary of the Disciplinary Board or the Office of Disciplinary Counsel. Respondent also failed to satisfy the conditions set forth in the Disciplinary Board's order of October 24, 1989, and offered no explanation for this failure.

## CONCLUSIONS OF LAW

Respondent's conduct constitutes a violation of the following Disciplinary Rules of the Code of Professional Responsibility.

A. D.R. 1-102(A)(4)—which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

B. D.R. 1-102(A)(5)—which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

C. D.R. 1-102(A)(6)—which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law;

D. D.R. 6-101(A)(3)—which prohibits an attorney from neglecting a legal matter entrusted to him;

E. D.R. 7-101(A)(1)—which prohibits an attorney from intentionally failing to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules;

F. D.R. 7-101(A)(2)—which prohibits an attorney from intentionally failing to carry out a contract of employment entered into with a client for professional services; and

G. D.R. 7-102(A)(3)—which prohibits an attorney in his representation of a client from concealing or knowingly failing to disclose a fact which he is required by law to reveal.

## DISCUSSION

The parties have entered into an extensive stipulation of facts in which respondent admits the misconduct which resulted in the issuance of a private reprimand with conditions. Respondent also admits to failing to appear for the private reprimand and failing to comply with the stated conditions imposed. Respondent's willful failure to appear before the board for the private

reprimand is grounds for discipline pursuant to Pa.R.D.E. 203(b)(2) and §87.53(b) of the Disciplinary Board Rules and Procedures. Respondent's failure to comply with conditions attached to the private reprimand is grounds for reconsideration of the matter and prosecution of formal charges, pursuant to Pa.R.D.E. 204(b). Thus, the sole issue before the Disciplinary Board is the determination of the appropriate measure of discipline. The Hearing Committee recommended that respondent be suspended from the practice of law for a period of one month and in addition, be subjected to public censure. Neither the Office of Disciplinary Counsel nor respondent filed a brief on exceptions.

Respondent failed to pursue a subrogation claim on behalf of an insured of the [B] Mutual Insurance Co. Due to respondent's neglect, the matter was dismissed for lack of activity. Despite frequent inquiries over the course of eight years, respondent failed to advise his client of the status of the litigation. In an effort to assuage successor counsel's paralegal, respondent falsely represented that he commenced a second action on behalf of the insured. Thereafter, respondent failed to appear for a private reprimand as ordered by the Disciplinary Board and failed to comply with the conditions imposed.

The Hearing Committee found credible respondent's testimony that the original case file in this matter was destroyed in the fire that struck respondent's office on December 7, 1987. Thus, respondent could not practically satisfy the board's imposed condition to remit the case file. However, this in no way excuses re-

spondent for his misconduct, particularly his failure to appear for the private reprimand.

During the hearing, respondent acknowledged with regret the significance and gravity of his cumulative misconduct and offered to investigate the availability of remedial steps in order to make restitution. However, the board is concerned, as was the Hearing Committee, that despite respondent's seemingly sincere acknowledgement of his misconduct, respondent has made no efforts towards reparation and restitution. Respondent's failure to take any steps to remedy the matter after having made such an offer to the Hearing Committee is considered to be an aggravating circumstance in this case.

The case law clearly indicates that a more severe sanction is appropriate when a respondent willfully fails to appeal for private discipline. See *In re Anonymous No. 1 D.B. 76*, 4 D.&C.3d 792 (1977); *In re Anonymous No. 67 D.B. 87*, 9 D.&C.4th 467 (1990); *In re Anonymous No. 42 D.B. 80*, 20 D.&C.3d 341 (1981); *In re Anonymous Nos. 43 and 83 D.B. 87*, 3 D.&C.4th 598 (1988).

In light of the foregoing, the Disciplinary Board believes that a short suspension from the practice of law is necessary to protect the public and impress upon the respondent the gravity of his misconduct.

## RECOMMENDATION

The Disciplinary Board recommends that respondent [ ] be suspended from the practice of law for a period of one month.

The board further recommends that respondent be ordered to pay the costs incurred in the investigation and prosecution of this matter.

Messrs. Gilbert and Gilardi recused themselves.

Mr. Paris did not participate in the adjudication.

## ORDER

And now, November 19, 1991, upon consideration of the report and recommendations of the Disciplinary Board dated April 16, 1991, and the application for relief and responses thereto filed in this matter, the application for relief is denied, and it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one month, and compliance with the provisions of Rule 217, Pa.R.D.E., is hereby waived. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.